NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JEAN-ALTINE' A. SAINT-VAL AND
SAINT-VAL PIZZA, INC.,

          Plaintiff,

v.

DOMINO'S PIZZA, LLC,

          Defendants.

Civil Action No. 06-4273(SDW)

**OPINION**

July 12, 2007

**WIGENTON, District Judge.**

Before this Court is a Motion to Dismiss (the "Motion"), pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Domino's Pizza, LLC ("Defendant"). Jean-Altine' A. Saint-Val and Saint-Val Pizza, Inc. (collectively, "Plaintiffs") have filed opposition to the Motion, which was decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

As explained below, the Motion is granted. Defendant's request for attorneys fees, which was made in its Reply, is denied.

**I.  DISCUSSION**

On April 27, 2006, Plaintiffs filed a ten-count Complaint against Defendant, which ostensibly alleges the following: violations of the New Jersey Franchise Practices Act ("NJFPA"), N.J.S.A. § 56:10-1, et seq.; common law breach of contract, tortious interference with economic benefit and breach of fiduciary duty; violations of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1, et seq.; and a violation of the "Civil Rights Act of 1969."

**A.  Jurisdiction**

The Court has jurisdiction over Plaintiffs' claims based on 28 U.S.C. §§ 1331 and 1332.

B.     **Motion to Dismiss Standard**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002) (citing Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). To defeat a Rule 12(b)(6) motion, the plaintiff need only set forth "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Weston v. Pennsylvania, 251 F.3d 420, 429 (3d Cir. 2001) (quoting Conley v. Gibson, 355 U.S. 41, 47-48 (1957)); see Fed. R. Civ. P. 8(a)(2) ("a short and plain statement of the claim showing that the pleader is entitled to relief"). However, in deciding a Rule 12(b)(6) motion, the Court need not credit the plaintiff's "bald assertions or legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

C.     **New Jersey Franchise Practices Act Claims**

Plaintiffs' NJFPA claims are dismissed without prejudice, pursuant to Rule 12(b)(6), because the Complaint is so confusing that Defendant is not given fair notice of what claims it faces,[1] as

---

[1] Because these claims are dismissed for lack of fair notice, the Court need not address whether Plaintiffs can state viable NJFPA claims. That being said, if the NJFPA applies, Plaintiffs may not have a claim under N.J.S.A. § 56:10-5 as Plaintiffs contend in their opposition that they sold their franchises—not that their franchises were terminated or canceled or that Defendant failed to renew their franchise agreements. (Pls.' Br. in Opp. of Def.'s Mot. to Dismiss

required by Rule 8(a)(2). Each Count of the Complaint does not state a distinct legal theory, as Plaintiffs argue. Far to the contrary, each Count asserts various indistinct legal theories, which are at times incomprehensible. In fact, the Court notes up to six separate theories of liability[2] in the First Count—many of which are reasserted throughout the Complaint.

### D. Common Law Contract Claims

Plaintiffs' breach of contract claims are dismissed without prejudice, pursuant to Rule 12(b)(6), because the Complaint fails to give Defendant fair notice of what Plaintiffs' claims are and the grounds on which they rest as required by Rule 8(a)(2). In addition to the Complaint's general ambiguity, Plaintiffs ostensibly concede in their opposition that Defendant's alleged breaches were all actions or omissions within Defendant's contractual rights under the express terms of the franchise agreements.[3] Consequently, we cannot discern whether Plaintiffs state a claim for breach of contract or whether they concede the claim altogether.

### E. Common Law Tortious Interference With Economic Benefit Claims

The claims for "tortuous [sic] interference with the Plaintiffs' economic benefit under the Franchise Agreements" are dismissed without prejudice, pursuant to Rule 12(b)(6), because the

---

11 and 14.)

[2] In the First and Third Counts of the Complaint, Plaintiffs mention fraud without providing any factual basis. Thus, they do not satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), and this claim is dismissed without prejudice pursuant to Rule 12(b)(6).

[3] For example, Plaintiffs concede: they were required to pay certain royalty and advertising fees to Defendant; Defendant did not have to use the advertising fees for Plaintiffs' benefit; no fiduciary duty existed between the parties; Defendant was not required to operate Plaintiffs' stores; and Defendant never actually terminated either franchise agreement. (Pls.' Br. in Opp. of Def.'s Mot. to Dismiss 6-8, 11-14.)

Complaint fails to give Defendant fair notice of what Plaintiffs' claims are and the grounds on which they rest as required by Rule 8(a)(2).

### F.     Common Law Fiduciary Duty Claims

Plaintiffs' claims for breach of fiduciary duty are dismissed with prejudice, pursuant to Rule 12(b)(6), because Plaintiffs concede that no such duty existed.[4]

### G.     New Jersey Law Against Discrimination Claims

Plaintiffs' NJLAD claims are dismissed with prejudice, pursuant to Rule 12(b)(6), because they were filed after the two-year statute of limitations period had expired.[5] The New Jersey Supreme Court has established a two-year statute of limitations to NJLAD claims, which generally begins to run when the adverse employment decision is made and communicated to the plaintiff. Cortes v. University of Medicine & Dentistry of N.J., 391 F. Supp. 2d 298, 306 (D.N.J. 2005) (citing Montells v. Haynes , 133 N.J. 282 (1993) (imposing a two-year statute of limitations on all NJLAD claims that occurred after July 23, 1993)). According to Plaintiffs, their NJLAD claims are based upon actions or omissions by Defendant, which occurred by June 2, 2003.[6] Plaintiffs do not argue—and there is no basis to argue—that they were not aware of such actions or omissions by June 2, 2003, yet they did not file the Complaint until April 27, 2006.

---

[4] "[T]he parties had agreed that the relationship created by the Franchise Agreement and the relationship between the parties and the employees of the Franchisee is not a fiduciary relationship of principal and agent."  (Pls.' Br. in Opp. of Def.'s Mot. to Dismiss 12.)

[5] Even if the NJLAD claims were not time barred, we doubt they could survive as Plaintiffs admit they were independent contractors.  (Pls.' Br. in Opp. to Def.'s Mot. to Dismiss 12.)  See Pukowsky v. Caruso, 312 N.J. Super. 171, 179-80 (App. Div. 1998) (excluding independent contractors from protection under NJLAD).

[6] By June 2, 2003, Plaintiffs sold both of their franchises.

### H. Civil Rights Act of 1969 Claims

Plaintiffs' Civil Rights Act of 1969 claims are dismissed without prejudice, pursuant to Rule 12(b)(6), because the Complaint fails to give Defendant fair notice of what Plaintiffs' claims are and the grounds on which they rest as required by Rule 8(a)(2). The Complaint does not specify a single provision of the U.S. Code in connection with the claims that Defendant discriminated "against the civil rights of the Plaintiff, Jean-Altine' A. Saint-Val, under . . . the Civil Rights Act of 1969 . . . based upon . . . a person's sex, nation of origin, race." (Compl. Count 1, ¶ 3.) While the Complaint provides a general reference to nation of origin and race, it is void of information relating to the nation of origin and race of Jean-Altine' A. Saint-Val.

### II. CONCLUSION

As explained above, Plaintiffs may have viable claims for: NJFPA violations; common law breach of contract, fraud and tortious interference with economic benefit; and "Civil Rights Act of 1969" violations. Yet, none of these claims are discernible as the Complaint is written now. Therefore, the Court grants Plaintiffs leave to file a motion to amend the Complaint to reallege those claims, pursuant to Rule 15(a), in a manner not inconsistent with this Opinion within fifteen days from the date of this Opinion. As specified above, all other claims in the Complaint are dismissed with prejudice.

Defendant's request for attorneys fees and costs is denied. If, however, Plaintiffs amend the Complaint, Defendant may file a motion seeking attorneys fees and costs.

An Order follows.

**S/SUSAN D. WIGENTON, U.S.D.J.**

cc: Judge Madeline Cox Arleo